**EXHIBIT A**

**(STATE COURT DOCUMENTS: SUMMONS AND COMPLAINT)**

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA, | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF    LEXINGTON | ) | |
| | ) | |
| CITY OF WARREN POLICE AND FIRE | ) | SUMMONS |
| RETIREMENT SYSTEM, Individually and | | |
| on Behalf of All Others Similarly Situated, | | |
| | | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FILE NO. |
| | ) | |
| SCANA CORPORATION, DOMINION | ) | |
| ENERGY, INC., SEDONA CORP., JIMMY | | |
| E. ADDISON, GREGORY E. ALIFF, | | |
| JAMES A. BENNETT, JOHN F.A.V. | | |
| CECIL, SHARON A. DECKER, D. | | |
| MAYBANK HAGOOD, LYNNE M. | | |
| MILLER, JAMES W. ROQUEMORE, | | |
| MACEO K. SLOAN and ALFREDO | | |
| TRUJILLO, | | |
| Defendant. | ) | |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Columbia, South Carolina

Dated: January 23, 2018

s/ James M. Griffin
James M. Griffin
Griffin Davis LLC
P.O. Box 999
Columbia, SC 29202
(803) 744-0800

Attorney for Plaintiff

SCCA 401 (5/02)

STATE OF SOUTH CAROLINA
COUNTY OF LEXINGTON

CITY OF WARREN POLICE AND FIRE
RETIREMENT SYSTEM, Individually
and on Behalf of All Others Similarly
Situated,

                              Plaintiff,

        vs.

SCANA CORPORATION, DOMINION
ENERGY, INC., SEDONA CORP.,
JIMMY E. ADDISON, GREGORY E.
ALIFF, JAMES A. BENNETT, JOHN
F.A.V. CECIL, SHARON A. DECKER,
D. MAYBANK HAGOOD, LYNNE M.
MILLER, JAMES W. ROQUEMORE,
MACEO K. SLOAN and ALFREDO
TRUJILLO,

                              Defendants.

IN THE COURT OF COMMON PLEAS
ELEVENTH JUDICIAL CIRCUIT

Civil Action No.


CLASS ACTION

COMPLAINT FOR BREACH OF
FIDUCIARY DUTIES




DEMAND FOR JURY TRIAL

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

Plaintiff City of Warren Police and Fire Retirement System ("Plaintiff") through its undersigned counsel, respectfully files this class action complaint (the "Complaint"). In support of the Complaint, Plaintiff makes the following allegations on information and belief based on, among other things, the investigation of counsel and publicly available information, except as to the allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

## INTRODUCTION

1.      This is a stockholder class action brought by Plaintiff individually and on behalf of holders of the common stock of SCANA Corporation ("SCANA" or the "Company"), against SCANA, its Board of Directors (the "Board") and its Chief Executive Officer (collectively with the Board, the "Individual Defendants"), Dominion Energy, Inc. ("Dominion") and Sedona Corp. ("Merger Sub") arising out of the proposed acquisition of SCANA by Dominion (the "Proposed Acquisition").[1]  In pursuing the Proposed Acquisition, Defendants directly breached their fiduciary duties and/or aided and abetted the other Defendants' breaches of fiduciary duties of care, loyalty, good faith, candor and independence owed to Plaintiff and the other SCANA stockholders.

2.      On January 3, 2018, SCANA and Dominion announced they had entered into a definitive merger agreement (the "Merger Agreement"), pursuant to which Merger Sub will merge with and into the Company, with the Company continuing as the surviving entity and a wholly-owned subsidiary of Dominion. Under the Merger Agreement, SCANA stockholders will receive just 0.6690 shares of Dominion stock in exchange for

---

[1]      SCANA, the Individual Defendants, Dominion and Merger Sub are herein collectively referred to as "Defendants."

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

each outstanding share of SCANA common stock held as of the effective date (the "Merger Consideration").

3.      Prior to mid-2017, the Company had experienced years of strong financial performance and ever-increasing stock prices.  Indeed, SCANA's stock price had traded above the implied value of the merger consideration at virtually all times from mid-2014 to mid-2017.  Then, on July 31, 2017, SCANA announced that it would be abandoning a multi-billion dollar project to build two new nuclear reactors at the existing V.C. Summer site (the "Nuclear Project").  By this time, SCANA had spent roughly $5 billion on the Nuclear Project, but had only recovered $1.7 billion from ratepayers. SCANA sought to recover the remaining $3.3 billion from ratepayers even though it had abandoned the project, which it was permitted to do under the Base Load Review Act (the "BLRA").  This announcement did not have a substantial impact on SCANA's stock price.

4.      On the heels of this announcement, several public and private parties began looking into the Individual Defendants' and other Company insiders' actions related to the Nuclear Project, concentrating primarily on whether they concealed material information from stockholders and ratepayers.  This led to a litany of criminal and civil investigations and suits by federal and state agencies, as well as private parties.

5.      Based on SCANA's decision to seek the additional $3.3 billion for the abandoned project, several state lawmakers and public officials sought to amend the BLRA and/or otherwise prevent SCANA from collecting any additional funds from ratepayers for the Nuclear Project.  This news had a substantial impact on SCANA's stock price. For example, on September 26, 2017, the South Carolina Office of Regulatory Staff ("SCORS") filed a petition asking that SCANA be forced to immediately stop charging customers for the project.  On this news, SCANA's stock price dropped roughly 10%, from

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

$56.25 per share when the markets opened on September 26, 2017 to $51.22 per share by the time the markets closed on September 27, 2017.

6.      Rather than publicly face the mounting civil and criminal investigations and the inevitable wrath of stockholders, the Board decided to fire-sell the Company for an unfair price and include provisions in the Merger Agreement that exacerbated the unfairness of the deal.  Under the terms of the Merger Agreement, Dominion is virtually guaranteed to recover the $3.3 billion in funds from ratepayers for the Nuclear Project – the funds lawmakers, agencies and officials have fought to prevent SCANA from collecting.  As highlighted in the preceding paragraph, the uncertainty SCANA faced surrounding this very issue was the chief catalyst in driving its stock price down.  If offered the same guarantee, SCANA's stock price would surge higher, and very likely exceed the Merger Consideration by a sizeable margin.  And, even without a similar guarantee, the Merger Consideration undervalues SCANA as a standalone entity.

7.      While unquestionably a bad deal for SCANA stockholders, Defendants will benefit substantially from the Proposed Acquisition.  Certain Individual Defendants will receive immediate vesting and ***cash*** for their performance-based shares (the "Performance Shares") and restricted stock units (the "RSUs"), a benefit not shared by other SCANA stockholders.  Neither the Performance Shares nor the RSUs are guaranteed, or even likely, to fully vest in light of SCANA's 2017 performance.  In addition, the Merger Agreement indemnifies the Individual Defendants for their acts as officers and directors of the Company, meaning they are protected financially from the numerous pending suits against them for their actions related to the Nuclear Project and the Proposed Acquisition.  Dominion will benefit by acquiring SCANA at a significant discount to its fair market value.

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

8.     In connection with the Proposed Acquisition, each Individual Defendant breached his or her fiduciary duties owed to Plaintiff and the rest of SCANA's common stockholders, by, among other things: (i) prioritizing significant personal benefits above obtaining the best possible price for SCANA stockholders, (ii) fire-selling SCANA for insufficient consideration, (iii) adopting preclusive deal protection devices that will likely prevent any alternative bidder from surfacing, and (iv) failing to conduct an appropriate sale process that protected against their conflicts.

9.     As explained in more detail below, each Individual Defendant breached his or her fiduciary duties of care, loyalty, good faith, candor and independence in connection with the Proposed Acquisition.  Dominion, Merger Sub and SCANA aided and abetted the Individual Defendant's breaches of fiduciary duty.  Such conduct has harmed Plaintiff and the other SCANA stockholders and continues to threaten them with imminent harm. Plaintiff, therefore, seeks to enjoin the consummation of the Proposed Acquisition and strike certain provisions from the Merger Agreement unless and until the Individual Defendants comply with their fiduciary duties.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Defendants and the subject matter of this action, as SCANA maintains its principal place of business in the State of South Carolina, at least some of the Defendants either reside or work in the State of South Carolina, and all other Defendants have purposefully directed actions related to the Proposed Acquisition toward the State of South Carolina.

11.     Venue is proper in this Court because one or more of the Defendants either resides in or maintains executive offices in this County, a substantial portion of the transactions and wrongs complained of herein, including the Defendants' primary

- 4 -

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

participation in the wrongful acts detailed herein, occurred in this County, and Defendants have received substantial compensation in this County by doing business here and engaging in numerous activities that had an effect in this County.

## PARTIES

12.    Plaintiff City of Warren Police and Fire Retirement System is, and has been at all relevant times hereto, an owner of the common stock of SCANA.

13.    Defendant SCANA is a South Carolina corporation headquartered at 100 SCANA Parkway, Cayce, South Carolina 29033.

14.    Defendant Dominion is a Virginia corporation headquartered in Glen Allen, Virginia.  Dominion is one of the largest energy utility companies in the United States, with 16,200 employees and operations in 18 states.

15.    Defendant Merger Sub is a South Carolina corporation and a wholly-owned subsidiary of Dominion.

16.    Defendant Jimmy E. Addison ("Addison") currently serves as the Company's Chief Executive Officer ("CEO") and previously served as the Company's Chief Financial Officer ("CFO").  On October 31, 2017, SCANA announced Addison would become CEO of SCANA, effective January 1, 2018.

17.    Defendant Gregory E. Aliff ("Aliff") has served as a director of SCANA since October 2015.

18.    Defendant James A. Bennett ("Bennett") has served as a director of SCANA since 1997.

19.    Defendant John F.A.V. Cecil ("Cecil") has served as a director of SCANA since 2013.

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

20.     Defendant Sharon A. Decker ("Decker") has served as a director of the Company since October 29, 2015.

21.     Defendant D. Maybank Hagood ("Hagood") has served as a director of the Company since 1999.

22.     Defendant Lynne M. Miller ("Miller") has served as a director of the Company since 1997.

23.     Defendant James W. Roquemore ("Roquemore") has served as a director of the Company since 2007.

24.     Defendant Maceo K. Sloan ("Sloan") has served as a director of the Company since 1997.

25.     Defendant Alfredo Trujillo ("Trujillo") has served as a director of the Company since 2013.

## SUBSTANTIVE ALLEGATIONS

**The Nuclear Project**

26.     SCANA is an energy-based holding company whose principal subsidiary, South Carolina Electric & Gas Company ("SCE&G"), is a regulated public utility engaged in the generation, transmission, distribution and sale of electricity, primarily in South Carolina.

27.     In 2009, SCE&G and Santee Cooper, a state-owned electric utility also known as the South Carolina Public Service Authority, undertook what was projected to be a $9.8 billion project to build two new nuclear reactors at the existing V.C. Summer site.

28.     However, the Nuclear Project was plagued by delays, cost-overruns and other issues from its inception.  Rather than disclose these facts to consumers and SCANA stockholders, the Individual Defendants and other Company insiders engaged in a multi-

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

year cover-up.  Ultimately, on July 31, 2017, SCANA announced it would abandon the Nuclear Project.  Even so, SCANA said it would seek to recover roughly $3.3 billion from ratepayers for the Nuclear Project, equal to the amount SCANA spent on the Nuclear Project less the amount already recovered from its ratepayers.  SCANA had the right to collect this amount under the BLRA.

**Fallout from SCANA's Decision to Abandon the Nuclear Project**

29.     As a result of SCANA's decision to abandon the Nuclear Project, several criminal and civil investigations were launched and lawsuits filed against the Board and other Company insiders, including: (i) an investigation by South Carolina Attorney General Alan Wilson; (ii) an investigation and public hearings by committees of the South Carolina General Assembly; (iii) multiple class action complaints against SCANA on behalf of South Carolina ratepayers; (iv) multiple class action complaints against SCANA on behalf of its stockholders; (v) an investigation by the U.S. Attorney's Office for the District of South Carolina; (vi) a criminal investigation by the State Law Enforcement Division ("SLED"); and (vii) an investigation by the U.S. Securities and Exchange Commission (the "SEC").

30.     Tellingly, a legislative panel of the South Carolina House of Representatives made the following observation: "[I]t has become our belief that the proximate cause of the V.C. Summer collapse is a direct result of misrepresentation by SCANA and SCE&G.  We also believe that criminal fraud through the concealment of material information is also a plausible cause for the project's disastrous collapse."  South Carolina State Representative Russell Ott, who helped lead the Special House Committee that investigated the Nuclear Project, stated:  "This is a cover up.  This is deception at its core.  The bottom line is they lied to everyone and they did it intentionally."

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

**Push to Prevent SCANA from Recovering Additional Funds from Ratepayers**

31.      Due to SCANA's stated intention to collect an additional $3.3 billion from ratepayers for costs associated with the abandoned Nuclear Project, state lawmakers, agencies and public officials have pushed to repeal or amend the BLRA and prevent SCANA from collecting any additional funds from ratepayers for the Nuclear Project. News related to these efforts had a significant impact on SCANA's stock price, as amendment or repeal of the BLRA could cost SCANA billions of dollars.  Indeed, no other related news, including SCANA's announcement that it was abandoning the Nuclear Project, has had a similar impact.

32.      On August 1, 2017,  SCE&G filed an abandonment petition, which sought approval to charge ratepayers the difference between the $5 billion it already spent on the Nuclear Project less the amount it had already collected – $3.3 billion.  Then, on August 9, 2017, SCORS filed a motion to dismiss SCE&G's abandonment petition.  On this news, SCANA's stock price dropped from $63.69 per share at the opening bell on August 9, 2017 to $62.01 per share by the close of market on August 10, 2017.

33.      Likewise, on September 26, 2017, the South Carolina Attorney General's office delivered a 57-page opinion that questioned the constitutionality of the BLRA.  On the same day, SCORS filed a petition with the South Carolina Public Service Commission of South Carolina ("SCPSC") requesting that the commission issue an order directing SCE&G to immediately suspend the collection of revised rates currently being collected under the BLRA.[2]

---

[2]      The SCPSC ultimately chose to defer this petition to allow additional time to consider the issues, but made clear it intended to file the petition in the future.

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

34.    On this news, SCANA's stock price dropped from $56.25 per share when the markets opened on September 26, 2017 to $51.22 per share by the time markets closed on September 27, 2017 – a roughly 10% drop.  By close of market on September 29, 2017, SCANA's stock price had fallen to $48.49 per share.

35.    Similarly, On December 20, 2017, in an action filed by Friends of the Earth and the Sierra Club seeking the return of ratepayer money already collected for the Nuclear Project ($1.7 billion), the SCPSC denied SCE&G's motion to dismiss, setting the stage for a trial on this issue in early 2018.  On this news, SCANA's stock price dropped from $41.90 per share when the markets opened on December 20, 2017 to $37.39 per share by the close of market on December 21, 2017 – a greater than 10% drop.  In total, since SCORS filed its motion to dismiss SCANA's abandonment petition on August 9, 2017, SCANA's stock price has dropped from $63.69 to $42.47 per share as of January 18, 2018, largely based on negative news related to funds the Company plans to collect from ratepayers.

**The Proposed Acquisition**

36.    On January 3, 2018, SCANA announced that it had entered into the Merger Agreement, pursuant to which SCANA stockholders will receive just 0.6690 Dominion shares for each outstanding SCANA share.  Specifically, Merger Sub will merge with and into the Company, with the Company continuing as the surviving entity and as a wholly-owned subsidiary of Dominion.  In relevant part, the press release announcing the Proposed Acquisition states:

**Dominion Energy, SCANA Announce All-Stock Merger With $1,000 Immediate Cash Payment To Average South Carolina Electric & Gas Residential Electric Customer After Closing**

- *Dominion Energy to fund $1.3 billion of cash payments to all SCE&G electric customers within 90 days after closing*

- *Estimated additional 5 percent rate reduction from current levels for SCE&G electric customers*

- 9 -

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

- *More than $1.7 billion of nuclear capital and regulatory assets never to be collected from customers*

- *SCANA shareholders to receive 0.6690 shares of Dominion Energy common stock for each SCANA share*

- *Transaction immediately earnings accretive, enhances EPS growth*

- *Transaction contingent upon South Carolina approval of proposed nuclear solution*

- *Combined company to serve 6.5 million electric and natural gas distribution customers in eight states*

. . . Dominion Energy, Inc. (NYSE: D) and SCANA Corporation (NYSE: SCG) today announced an agreement for the companies to combine in a stock-for-stock merger in which SCANA shareholders would receive 0.6690 shares of Dominion Energy common stock for each share of SCANA common stock, the equivalent of $55.35 per share, or about $7.9 billion based on Dominion Energy's volume-weighted average stock price of the last 30 trading days ended Jan. 2, 2018. Including assumption of debt, the value of the transaction is approximately $14.6 billion.

The agreement also calls for significant benefits to SCANA's South Carolina Electric & Gas Company subsidiary (SCE&G) electric customers to offset previous and future costs related to the withdrawn V.C. Summer Units 2 and 3 project. After the closing of the merger and subject to regulatory approvals, this includes:

- A $1.3 billion cash payment within 90 days upon completion of the merger to all customers, worth $1,000 for the average residential electric customer. Payments would vary based on the amount of electricity used in the 12 months prior to the merger closing.

- An estimated additional 5 percent rate reduction from current levels, equal to more than $7 a month for a typical SCE&G residential customer, resulting from a $575 million refund of amounts previously collected from customers and savings of lower federal corporate taxes under recently enacted federal tax reform.

- A more than $1.7 billion write-off of existing V.C. Summer 2 and 3 capital and regulatory assets, which would never be collected from customers. This allows for the elimination of all related customer costs over 20 years instead of over the previously proposed 50-60 years.

- Completion of the $180 million purchase of natural-gas fired power station (Columbia Energy Center) at no cost to customers to fulfill generation needs.

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

In addition, Dominion Energy would provide funding for $1 million a year in increased charitable contributions in SCANA's communities for at least five years, and SCANA employees would have employment protections until 2020.

*        *        *

The transaction would be accretive to Dominion Energy's earnings upon closing, which is expected in 2018 upon receipt of regulatory and shareholder approvals. The merger also would increase Dominion Energy's compounded annual earnings-per-share target growth rate through 2020 to 8 percent or higher.

*        *        *

**Strategic combination**

The combination with SCANA would solidify Dominion Energy's position among the nation's largest and fastest-growing energy utility companies by adding significantly to its presence in the expanding Southeast markets. SCANA's operations include service to approximately 1.6 million electric and natural gas residential and business accounts in South Carolina and North Carolina and 5,800 megawatts of electric generation capacity. SCANA continues to experience strong growth in both customer count (more than 2 percent on average annually at SCE&G and PSNC Energy) and weather-normalized energy sales.

*        *        *

**For SCANA shareholders**

Under the terms of the merger agreement, SCANA common shareholders are to receive 0.6690 shares of Dominion Energy common stock for each share of SCANA common stock held. Based on Dominion Energy's volume-weighted average stock price of the last 30 trading days ended Jan. 2, 2018, this equates to a value of approximately $55.35 per SCANA share. This represents an approximate 30.6 percent premium to the volume-weighted average stock price of SCANA's last 30 trading days ended Jan. 2, 2018. Upon closing of the merger, SCANA shareholders would own an estimated 13 percent of the combined company.

**The Proposed Acquisition Undervalues SCANA**

37.    The Proposed Acquisition is unfair to SCANA stockholders for several reasons. First, given that the Merger Agreement virtually guarantees that Dominion will collect an additional $3.3 billion from stockholders for the Nuclear Project, the Merger

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

Consideration grossly undervalues SCANA. Pursuant to the Merger Agreement, the Proposed Acquisition is contingent on: (i) the BLRA not being amended in a manner that would be detrimental to the Company (*i.e.*, not being amended to restrict the Company's ability to recover funds from ratepayers); and (ii) the SCPSC approving the petition filed by SCE&G and Dominion that explicitly allows Dominion to recover the $3.3 billion capital invested in the Nuclear Project and not yet recovered from ratepayers (the "SCPSC Petition").

38.     The Merger Agreement states in relevant part:

> SECTION 6.02.  <u>Additional Conditions to Obligations of Parent Merger Sub</u>.  The obligation of Parent and Merger Sub to effect the Merger are further subject to the satisfaction or (to the extent permitted by Law) waive at or prior to the Closing of each of the following conditions:
>
> *        *        *
>
> (f)  <u>No Actions Affecting SCPSC Petition</u>.  No Governmental Entity of competent jurisdiction shall have enacted any Order and no Change in Law (including no Change to the BLRA or the South Carolina Public Utility Laws) shall have been enacted, in each case which imposes any condition that would reasonably be expected to result in a (i) material change to the proposed terms, conditions, or undertakings set forth in the SCPSC Petition or (ii) a significant change to the economic value of the proposed terms set forth in the SCPSC Petition, in each case as reasonably determined by Parent in good faith;
>
> *        *        *
>
> (h)  <u>No Change in Law</u>.  Since the date of this Agreement, there shall not have occurred any (i) substantive Change in any applicable Law or any Order with respect to the BLRA, as in effect on the date of this Agreement, which has or would reasonably be expected to have an adverse effect on the Company or any of its Subsidiaries or (ii) substantive Change in any applicable Law or any Order with respect to any other South Carolina Public Utility Law, as in effect as of the date of this Agreement, which has or would reasonably be expected to have an adverse effect on the Company or any of its Subsidiaries (such Changes as set forth in (i) and (ii), the "<u>SC Law Changes</u>").
>
> *        *        *

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

**SCPSC Petition**

\*        \*        \*

3.  The Petition will acknowledge that the Merger can only close if the SCPSC approves the jointly proposed NND Project cost recovery plan, with (x) no material change to the terms, conditions or undertakings set forth in the plan and (y) no significant change to the economic value of the plan, in each case as reasonably determined by Parent in good faith (except in each case unless otherwise consented to by Parent in its sole discretion), which shall include the following terms:

\*        \*        \*

g.  An SCPSC order directing that:

i.  The approximately $3.3 billion of invested capital for the new nuclear development project shall be included in a regulatory asset and recovered through rates over a 20-year amortization and recovery period that is reflected in retail electric revenue requirements without offset or disallowance until the regulatory asset is fully recovered . . . .

39.    The inclusion of these provisions in the Merger Agreement is significant because the uncertainty surrounding SCANA's ability to recover funds from ratepayers – the very uncertainty these provisions resolve – was the driving force behind SCANA's depressed stock price.  Indeed, as discussed in detail in ¶¶32-35, the two most sizeable stock price drops SCANA experienced since abandoning the Nuclear Project were directly tied to this issue.  Thus, if SCANA was offered the same deal as Dominion – a virtual guarantee that it would be able to collect $3.3 billion from ratepayers – its stock price would increase substantially, and likely exceed the Merger Consideration by a sizeable margin.

40.    Company insiders also recognized that the "key consideration" underlying its stock price is whether SCANA will be able to recover funds from ratepayers for the costs of the Nuclear Project.  For example, during an earnings call on October 26, 2016, defendant Addison, then SCANA's CFO and Executive Vice President, stated:

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

At this time, we are unable to provide long-term earnings guidance. While there are fundamental positive factors such as our strong customer growth and the continued expansion of our regulated gas businesses, the key consideration will obviously be the treatment of the abandoned new nuclear project. Once the nuclear abandonment recovery has been addressed, we will provide updated long-term guidance.

41.    Moreover, even without a similar guarantee in place, the Merger Consideration undervalues SCANA as a standalone entity. Prominent investment analysts recognized that SCANA was undervalued immediately before the Proposed Acquisition was announced. For example, Travis Miller of Morningstar gave SCANA a fair market value of $60.00 per share on November 16, 2017, a significant premium over the Merger Consideration.

**The Proposed Acquisition Is the Product of a Conflicted Sales Process**

42.    The Proposed Acquisition is the product of a fundamentally flawed sale process designed by Defendants to enrich and protect themselves at the expense of SCANA stockholders.

43.    Through the Proposed Acquisition, the Individual Defendants will receive significant personal benefits not shared by other SCANA stockholders. For example, any Individual Defendant or Company officer holding Performance Shares or RSUs will receive immediate vesting and *cash* for those shares. Defendant Addison alone held unearned or unvested Performance Shares and RSUs at 2016 fiscal year-end worth more than $4 million. Combined, Company insiders held unearned or unvested Performance Shares and RSUs worth approximately $22.5 million at 2016 fiscal year-end. And, despite the fact former CEO Kevin B. Marsh and former Senior Vice President W. Keller Kissam were in charge during the disastrous Nuclear Project and announced their retirement on October 31, 2017, Company leadership decided to allow them to keep their unvested

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

Performance Shares and RSUs, which are worth more than $10 million in cash under the Merger Agreement.

44.     The Merger Agreement states in relevant part:

SECTION 2.02. <u>Treatment of Company Equity Awards</u>.

(a) <u>Treatment of Performance Shares</u>.  At the Effective Time, each performance share award granted under a Company Equity Award Plan that is outstanding immediately prior to the Effective Time (a "<u>Company Performance Share Award</u>") ***shall fully vest at the target level of performance and shall be cancelled and converted automatically into the right to receive the Equity Award Consideration in respect of each Company Share underlying such Company Performance Share Award***.

(b) <u>Treatment of Restricted Stock Units</u>.  At the Effective Time, each restricted stock unit award granted in respect of Company Shares granted under a Company Equity Award Plan that is outstanding immediately prior to the Effective Time (a "<u>Company RSU</u>") ***shall fully vest and shall be cancelled and converted automatically into the right to receive the Equity Award Consideration in respect of each Company Share underlying such Company RSU***.

\*       \*       \*

"<u>Average Price</u>" means the volume-weighted average price, rounded to four decimal places, of Parent Shares for the ten (10) consecutive trading days ending on and including the second (2nd) trading day prior to the Effective Time.

\*       \*       \*

"<u>Equity Award Consideration</u>" means an amount in cash, without interest, equal to the product of (i) the Merger Consideration multiplied by (ii) the Average Price.

45.     Neither the Performance Shares nor the RSUs are guaranteed, or even likely, to fully vest in light of SCANA's poor performance in 2017.  Whether the Performance Shares vest is based on two measures: (i) ***SCANA's stockholder return*** compared to its peer group of companies; and (ii) GAAP-adjusted weather-normalized net earnings per share.  Given that SCANA's stock lost roughly 40% of its value during 2017, it is virtually certain that a large portion of the Performance Shares will not vest.

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

46.     In addition, the RSUs were subject to forfeiture in the event of termination of employment prior to the end of the vesting period.  Thus, if an Individual Defendant is removed – a very possible outcome given what has transpired recently – they would forfeit their unvested RSUs.

47.     Under the Merger Agreement, the Individual Defendants also receive broad indemnification for "matters existing or occurring at or prior to the Effective Time, including the transactions contemplated by this Agreement."  This benefit is significant given the numerous pending suits and investigations centered on the Individual Defendants.

48.     The Merger Agreement states in relevant part:

SECTION 5.08.     Indemnification; Directors' and Officers' Insurance.

(a)  From and after the Effective Time, Parent shall indemnify and hold harmless, to the fullest extent permitted under applicable Law, each present and former director and officer of the Company and its Subsidiaries (in each case, when acting in such capacity) (collectively, the "Indemnified Parties") from and against any and all costs and expenses (including reasonable attorneys' fees), judgments, fines, losses, claims, damages and liabilities (collectively, "Costs") incurred in connection with any Proceeding or investigation, whether civil, criminal, administrative or investigative, arising out of or pertaining to matters existing or occurring at or prior to the Effective Time, including the transactions contemplated by this Agreement. From and after the Effective Time, Parent shall advance expenses to each Indemnified Party claiming indemnification pursuant to this Section 5.08 as incurred to the fullest extent permitted under applicable Law;  provided,  however,  that such Indemnified Party provides an undertaking to repay such advances if it is ultimately determined that such Indemnified Party is not entitled to such indemnification.

49.     Finally, by cashing out and walking away, the Individual Defendants do not risk the public embarrassment and damage to their professional reputation caused by a public removal at the hands of the Board or SCANA stockholders.

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

**The Merger Agreement Contains Preclusive Deal Protection Devices**

50.     The Proposed Acquisition is also unfair because the Merger Agreement contains a number of onerous deal protection devices designed to fend off competing offers and ensure that Defendants receive the substantial personal benefits identified above.

51.     For example, if SCANA decides to terminate the Merger Agreement and enter into an alternative transaction, SCANA is required to pay Dominion a non-refundable fee of $240 million.  Thus, any competing bidder must outbid Dominion by roughly a quarter of a billion dollars to simply make a comparable bid.

52.     In addition, the Merger Agreement contains a strict no-solicitation provision under which SCANA is prohibited from soliciting competing merger proposals or, subject to limited exceptions concerning unsolicited proposals, engaging in discussions or providing information in connection with a competing merger proposal.  In the event SCANA receives a communication that could lead to a competing merger proposal, SCANA is required to disclose the party and the material terms of the proposal to Dominion within 48 hours.

53.     Finally, the Merger Agreement contains strict information rights and matching rights provisions.  Under the information rights provisions, SCANA is required to provide Dominion with all material information regarding a competing merger proposal within 48 hours.  And under the matching rights provisions, if a potential acquirer makes a superior offer to acquire SCANA, Dominion has four days to make a matching bid.

54.     The upshot of these preclusive deal protection devices is as follows: in order for an interested party to make a successful bid for SCANA, it must: (i) outbid Dominion by roughly a quarter of a billion dollars; (ii) make its bid without negotiating with the Company or receiving any material information from the Company; (iii) be willing to allow

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

Dominion to receive all information it provides to SCANA during negotiations; and (iv) be willing to give Dominion four days to make a matching bid, at which point the competing bidder loses.

## CLASS ACTION ALLEGATIONS

55.     Plaintiff brings this action on its own behalf and as a class action on behalf of holders of the common stock of SCANA that have been harmed by defendants' conduct described herein (the "Class").  Excluded from the Class are the Defendants and any individual or entity affiliated with any of the Defendants.

56.     This action is properly maintainable as a class action.

57.     The Class is so numerous that joinder of all members is impracticable. SCANA has approximately 142 million outstanding shares of common stock as of January 17, 2018.

58.     There are questions of law and fact that are common to the Class and that predominate over questions affecting any individual Class member.   The common questions include the following:

(a)     whether the Individual Defendants breached their fiduciary duties of loyalty, good faith and/or due care with respect to Plaintiff and the other members of the Class in connection with the Proposed Acquisition;

(b)     whether the Individual Defendants breached their fiduciary duty to secure and obtain the best price reasonably available under the circumstances for the benefit of Plaintiff and the other members of the Class in connection with the Proposed Acquisition;

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

(c)     whether Defendants, in bad faith and for improper motives, impeded or erected barriers designed to discourage other potentially interested parties from making an offer to acquire the Company or its assets;

(d)     whether SCANA, Dominion and Merger Sub aided and abetted any of the Individual Defendants' breaches of fiduciary duties owed to Plaintiff and the other members of the Class in connection with the Proposed Acquisition; and

(e)     whether Plaintiff and the other members of the Class suffered damages and the measure of those damages.

59.     Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

60.     Plaintiff has retained competent counsel experienced in litigation of this nature and will fairly and adequately represent and protect the interests of the Class.

61.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the party opposing the Class.

62.     Defendants have acted, or failed to act, on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### Claim for Breach of Fiduciary Duties
### Against the Individual Defendants

63.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

64. The Individual Defendants have violated the fiduciary duties of care, loyalty and good faith owed to the public stockholders of SCANA and have acted to put their personal interests ahead of the interests of SCANA stockholders.

65. By the acts, transactions and course of conduct alleged herein, Defendants, individually and acting as a part of a common plan, have unfairly deprived Plaintiff and the other members of the Class of the true value of their SCANA stock.

66. The Individual Defendants have violated their fiduciary duties by executing the Merger Agreement without regard to the effect of the Proposed Acquisition on SCANA's stockholders.

67. As demonstrated by the allegations above, the Individual Defendants failed to exercise the care required and breached their duty of loyalty owed to the stockholders of SCANA because, among other reasons:

(a) they failed to take steps to maximize the value to be received by SCANA public stockholders in the Proposed Acquisition;

(b) they failed to properly value SCANA and its various assets and operations; and

(c) they ignored or did not protect against the numerous conflicts of interest of senior management and the Board.

68. Because the Individual Defendants control the business and corporate affairs of SCANA, and have access to private corporate information concerning SCANA's assets, business and future prospects, there exists an imbalance and disparity of knowledge and economic power between them and the public stockholders of SCANA that makes it inherently unfair for them to pursue, recommend and finalize the Proposed Acquisition

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

wherein they stand to reap disproportionate benefits to the exclusion of maximizing stockholder value.

69.    By reason of the foregoing acts, practices and course of conduct, the Individual Defendants have failed to exercise ordinary care and diligence in the exercise of their fiduciary duties toward Plaintiff and the other members of the Class.

70.    The Individual Defendants have engaged in self-dealing, are not acting in good faith toward Plaintiff and the other members of the Class, and have breached their fiduciary duties to the Class.

71.    As a result of the Individual Defendants' unlawful actions, Plaintiff and the other members of the Class will be harmed in that they will not receive their fair portion of the value of SCANA's assets and operations.

## SECOND CAUSE OF ACTION

### Claim for Aiding and Abetting Breaches of Fiduciary Duty
### Against SCANA, Dominion and Merger Sub

72.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

73.    Defendants SCANA, Dominion and Merger Sub are sued herein as aiders and abettors of the Individual Defendants' breaches of their fiduciary duties of loyalty, due care, independence, good faith, fair dealing and/or candor as outlined above.

74.    Given their comprehensive familiarity with and direct involvement in the Proposed Acquisition, each of SCANA, Dominion and Merger Sub had knowledge that the Individual Defendants were breaching their fiduciary duties of loyalty, due care, independence, good faith, fair dealing and candor.  Even so, SCANA, Dominion and Merger Sub knowingly participated in the Individual Defendants' breaches of fiduciary duty.  In fact, the Individual Defendants could not have committed their breaches of

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

fiduciary duty outlined herein but for the aiding and abetting of SCANA, Dominion and Merger Sub.

75.    As a result of the unlawful actions of SCANA, Dominion and Merger Sub, Plaintiff and Class members will be irreparably harmed.  Unless the actions of SCANA, Dominion and Merger Sub are enjoined by the Court, they will continue to aid and abet the Individual Defendants' breaches of fiduciary duty and will aid and abet a process that inhibits the maximization of stockholder value and the disclosure of material information.

76.    Plaintiff and Class members have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands judgment against Defendants jointly and severally, as follows:

A.    Declaring that this action is properly maintainable as a class action;

B.    Declaring and decreeing that the Merger Agreement was entered into in breach of the fiduciary duties of the Individual Defendants and is therefore unlawful and unenforceable;

C.    Enjoining Defendants, their agents, counsel, employees and all persons acting in concert with them from finalizing and consummating the Proposed Acquisition, unless and until the Board: (i) adopts and implements a procedure or process designed to obtain the highest possible value for stockholders; (ii) strikes provisions from the Merger Agreement that allow for the immediate vesting and receipt of cash for the Performance Shares or RSUs; and (iii) strikes provisions from the Merger Agreement that make the Proposed Acquisition contingent on the non-occurrence of actions affecting the SCPSC Petition, approval of the Proposed Acquisition by the SCPSC in the manner required by

ELECTRONICALLY FILED - 2018 Jan 23 12:24 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

§6.02(g) of the Merger Agreement, and no change in law with respect to the BLRA that would reasonably be expected to have an adverse effect on the Company;

D.      Directing the Individual Defendants to exercise their fiduciary duties to obtain a transaction that is in the best interests of SCANA and its stockholders until the process for the sale or auction of SCANA is completed and the highest possible value is obtained;

E.      Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof;

F.      In the event enjoining the Proposed Acquisition and/or rescinding the Merger Agreement is not feasible, awarding monetary damages in favor of Plaintiff and the other Class members;

G.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

H.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ James M. Griffin
James M. Griffin (SC I.D. #9995)
Margaret Fox (SC I.D. #76628)
GRIFFIN DAVIS LLC
Post Office Box 999
Columbia, SC 29202
(803) 744-0800
(803) 744-0805 (fax)
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

David T. Wissbroekcer
Timothy Z. Lacomb
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
(619) 231-1058
(619) 231-7423 (fax)
dwissbroecker@rgrdlaw.com
tlacomb@rgrdlaw.com


Thomas C. Michaud
VANOVERBEKE, MICHAUD
& TIMMONY, P.C.
79 Alfred Street
Detroit, MI  48201
(313)578-1200
(313)578-1201 (fax)
tmichaud@vmtlaw.com

Attorneys for Plaintiff

DATED:  January 23, 2018

ELECTRONICALLY FILED - 2018 Jan 31 10:59 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LEXINGTON | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT |
| CITY OF WARREN POLICE AND FIRE<br>RETIREMENT SYSTEM, Individually<br>and on Behalf of All Others Similarly<br>Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCANA CORPORATION, DOMINION<br>ENERGY, INC., SEDONA CORP.,<br>JIMMY E. ADDISON, GREGORY E.<br>ALIFF, JAMES A. BENNETT, JOHN<br>F.A.V. CECIL, SHARON A. DECKER,<br>D. MAYBANK HAGOOD, LYNNE M.<br>MILLER, JAMES W. ROQUEMORE,<br>MACEO K. SLOAN and ALFREDO<br>TRUJILLO,<br>Defendants. | Civil Action No. 2018-CP-32-00268<br><br><br>**ACCEPTANCE OF SERVICE** |

Pursuant to Rule 4(j), of the South Carolina Rule of Civil Procedure, I, William A. Coates,

Esquire, hereby accept service of the Summons and Complaint on behalf of the Defendant, **Jimmy**

**E. Addison** for the above captioned matter on this 2-4th day of January , 2018.

William A. Coates
Roe Cassidy Coates & Price P.A.
1052 North Church Street
P.O. Box 10529 (29603)
Greenville, SC 29601

ELECTRONICALLY FILED - 2018 Jan 31 11:02 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

STATE OF SOUTH CAROLINA
COUNTY OF LEXINGTON

IN THE COURT OF COMMON PLEAS
ELEVENTH JUDICIAL CIRCUIT

CITY OF WARREN POLICE AND FIRE
RETIREMENT SYSTEM, Individually
and on Behalf of All Others Similarly
Situated,

Plaintiff,

vs.

SCANA CORPORATION, DOMINION
ENERGY, INC., SEDONA CORP.,
JIMMY E. ADDISON, GREGORY E.
ALIFF, JAMES A. BENNETT, JOHN
F.A.V. CECIL, SHARON A. DECKER,
D. MAYBANK HAGOOD, LYNNE M.
MILLER, JAMES W. ROQUEMORE,
MACEO K. SLOAN and ALFREDO
TRUJILLO,

Defendants.

Civil Action No. 2018-CP-32-00268

**AFFIDAVIT OF SERVICE**

1. The undersigned Jaime Harmon being sworn, deposes and says that she served the Summons and Complaint on CT Corporation System as registered agent for Sedona Corp., in this action on January 23, 2018.

2. The above document was mailed to CT Corporation System via certified mail, return receipt requested.

3. On January 29, 2018, PS Form 3811 (attached as Exhibit A) was returned to Griffin Davis LLC stating the above named document was received on January 25, 2018.

4. The Deponent is not a party to, nor interested in this action.

Jaime Harmon

SWORN to before me this 31

day of ____ January ____, 2018

Notary Public for South Carolina
My Commission Expires: 8-1-22

# Exhibit A

## PS Form 3811

ELECTRONICALLY FILED - 2018 Jan 31 11:02 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

ELECTRONICALLY FILED - 2018 Jan 31 11:02 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
Attn: Registered Agent
2 Office Park Court, Suite 103
Columbia, SC 29223

9590 9403 0192 5120 7991 38

2. Article Number (Transfer from service label)
7014 1200 0001 4991 3831

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Pam Johnson
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Pam Johnson

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053   Domestic Return Receipt

ELECTRONICALLY FILED - 2018 Feb 07 2:15 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

STATE OF SOUTH CAROLINA
COUNTY OF LEXINGTON

IN THE COURT OF COMMON PLEAS
ELEVENTH JUDICIAL CIRCUIT

CITY OF WARREN POLICE AND FIRE
RETIREMENT SYSTEM, Individually
and on Behalf of All Others Similarly
Situated,

Plaintiff,

vs.

SCANA CORPORATION, DOMINION
ENERGY, INC., SEDONA CORP.,
JIMMY E. ADDISON, GREGORY E.
ALIFF, JAMES A. BENNETT, JOHN
F.A.V. CECIL, SHARON A. DECKER,
D. MAYBANK HAGOOD, LYNNE M.
MILLER, JAMES W. ROQUEMORE,
MACEO K. SLOAN and ALFREDO
TRUJILLO,

Defendants.

Civil Action No. 2018-CP-32-00268

**AFFIDAVIT OF SERVICE**

1.    The undersigned Jaime Harmon being sworn, deposes and says that she served the Summons and Complaint on Carlos Brown as general counsel for Dominion Energy, Inc. in this action on January 23, 2018.

2.    The above document was mailed to Mr. Carlos Brown via certified mail, return receipt requested.

3.    On February 7, 2018, PS Form 3811 (attached as Exhibit A) was returned to Griffin Davis LLC stating the above named document was received on January 30, 2018.

4.    The Deponent is not a party to, nor interested in this action.

Jaime Harmon

SWORN to before me this 7TH

day of February , 2018

Notary Public for South Carolina
My Commission Expires: 5/5/26

# <u>Exhibit A</u>

## PS Form 3811

ELECTRONICALLY FILED - 2018 Feb 07 2:15 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

ELECTRONICALLY FILED - 2018 Feb 07 2:15 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Carlos Brown
Vice President and General Counsel
Dominion Energy, Inc.
120 Tredegar Street
Richmond, VA 23219

9590 9403 0192 5120 7991 21

2. Article Number (Transfer from service label)

7014 1200 0001 4990 8851

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    □ Agent
                      □ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    □ Yes
   If YES, enter delivery address below:    □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
☑ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery (over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053    Domestic Return Receipt

# Certificate of Electronic Notification

| Recipients |
| --- |
| **James Griffin**  - Notification transmitted on 02-07-2018 01:38:15 PM. |
| **Steven Pugh**  - Notification transmitted on 02-07-2018 01:38:15 PM. |

ELECTRONICALLY FILED - 2018 Feb 07 1:38 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2018CP3200268

**Official File Stamp:**    02-07-2018 01:38:03 PM

**Court:**    CIRCUIT COURT

Common Pleas

Lexington

**Case Caption:**    City Of Warren Police And Fire Retirement System Et Al VS Scana Corporation , defendant, et al

**Event(s):**

Notice/Notice of Appearance    **Filed by or on behalf of:**

Benjamin Palmer Carlton

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Steven James Pugh for Maceo K Sloan, James W Roquemore, Lynne M Miller, D Maybank Hagood, Sharon A Decker, Scana Corporation, John F A V Cecil, James A Bennett, Gregory E Aliff, Alfredo Trujillo

James Mixon Griffin for City Of Warren Police And Fire Retirement System Et Al

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Sedona Corp.

Jimmy E Addison

Dominion Energy Inc

ELECTRONICALLY FILED - 2018 Feb 07 1:38 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

ELECTRONICALLY FILED - 2018 Feb 07 1:45 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | ELEVENTH JUDICIAL CIRCUIT |
| COUNTY OF LEXINGTON | ) | |
| | ) | |
| CITY OF WARREN POLICE AND | ) | Civil Action No. 2018-CP-32-00268 |
| FIRE RETIREMENT SYSTEM, | ) | |
| Individually and on Behalf of All | ) | |
| Others Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCANA Corporation, Dominion | ) | |
| Energy, Inc., Sedona Corp., Jimmy | ) | |
| E. Addison, Gregory E. Aliff, James | ) | |
| A. Bennett, John F.A.V. Cecil, | ) | |
| Sharon A. Decker, D. Maybank | ) | |
| Hagood, Lynne M. Miller, James W. | ) | |
| Roquemore, Maceo K. Sloan, and | ) | |
| Alfredo Trujillo, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>DEFENDANTS' MOTION FOR CASE ASSIGNMENT</u>
## <u>TO THE BUSINESS COURT PROGRAM</u>

1. As counsel for a party who has appeared in this action, we move for an order of the Chief Business Court Judge assigning this case to the Business Court Program of the South Carolina Circuit Courts. We certify that as of the date of this Motion, no more than 180 days have passed since the commencement of this action. In addition, we certify that all parties have been notified of this request.

2. The principal claim or claims made in the above-referenced matter are made under the following Titles of the South Carolina Code and the matter is appropriate for assignment to the Business Court Program.

**(Note: Please check all that are applicable, and <u>attach a description of the claims made in the above-referenced lawsuit</u>.)**

    ☒ Title 33—South Carolina Business Corporation Act of 1988;
    ☐ Title 35—South Carolina Uniform Securities Act of 2005;
    ☐ Title 36, Chapter 8—South Carolina Uniform Commercial Code: Investment Securities;
    ☐ Title 39, Chapter 3—Trade and Commerce: Trusts, Monopolies, and Restraints of Trade;
    ☐ Title 39, Chapter 8—Trade and Commerce: The South Carolina Trade Secrets Act;
    ☐ Title 39, Chapter 15—Trade and Commerce: Labels and Trademarks; or
    ☐ Other Appropriate Matter determined by the Chief Justice.

3. Indicate whether the non-moving party or parties ☒ consents, ☐ does not oppose, ☐ opposes; ☐ position on assignment is unknown.

_____
**Non-Moving Party Signature (if applicable)**

s/ Steven J. Pugh
_____
**Signature**

Steven J. Pugh (SC Bar #14341)
Benjamin P. Carlton (SC Bar #101142)
Richardson Plowden & Robinson, P.A.
Post Office Drawer 7788 (29202)
1900 Barnwell Street
Columbia, South Carolina 29201
(803) 771-4400
spugh@richardsonplowden.com
bcarlton@richardsonplowden.com

and

I.S. Leevy Johnson
George Johnson
Johnson Toal & Battiste, P.A.
1615 Barnwell Street
Columbia, South Carolina 29201
(803) 252-9700
islj@jtbpa.com
George@tjbpa.com

and

Michael R. Smith, Esquire[1]
Alexandra S. Peurach, Esquire[1]
King & Spalding, LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
mrsmith@kslaw.com
apeurach@kslaw.com

ATTORNEYS FOR DEFENDANTS
REGORY E. ALIFF, JAMES A.
BENNETT, JOHN F.A.V. CECIL,
SHARON A. DECKER, D. MAYBANK
HAGOOD, LYNNE M. MILLER, JAMES
W. ROQUEMORE, MACEO K. SLOAN,
ALFREDO TRUJILLO, AND SCANA
CORPORATION

_____
[1] Attorney Pugh will be filing Applications and Motions for *Pro Hac Vice* Admission of attorneys Michael R.
Smith and Alexandra S. Peurach.

ELECTRONICALLY FILED - 2018 Feb 07 1:45 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

s/ William A. Coates
William A. Coates, Esquire
Roe Cassidy Coates & Price, P.A.
1052 North Church Street
Post Office Box 10529 (29603)
Greenville, South Carolina 29601
wac@roecassidy.com

ATTORNEY FOR DEFENDANT JIMMY E.
ADDISON

and

John A. Jordak, Jr. Esquire[2]
William R. Mitchelson, Jr. Esquire[2]
Alston & Bird, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
John.jordak@alston.com
Mitch.mitchelson@alston.com

OF COUNSEL FOR DEFENDANT JIMMY
E. ADDISON

February 7, 2018

---

[2] Attorney Coates will be filing Applications and Motions for *Pro Hac Vice* Admission of attorneys John A. Jordak, Jr. and William R. Mitchelson, Jr.

ELECTRONICALLY FILED - 2018 Feb 07 1:45 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

ELECTRONICALLY FILED - 2018 Feb 07 1:45 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

**Description of claims in *City of Warren Police and Fire Ret. System v. SCANA Corp., et al.***

**Lexington County Court of Common Pleas – 2018-CP-32-00268**

Plaintiff City of Warren Police and Fire Retirement System, an alleged shareholder of SCANA Corp. ("SCANA"), seeks to assert claims on behalf of itself and a putative class of SCANA shareholders pursuant to Section 33-8-300 of the South Carolina Business Corporation Act of 1988 against certain of SCANA's current and former officers and directors (the "Individual Defendants") for breach of fiduciary duties, and against SCANA, Dominion Energy, Inc. ("Dominion") and Sedona Corporation (a subsidiary of Dominion), for aiding and abetting breaches of fiduciary duties, related to the proposed acquisition of SCANA by Dominion that was announced on January 3, 2018 (the "Proposed Merger"). Plaintiff specifically alleges that the Individual Defendants breached their fiduciary duties by failing to conduct a fair process or obtain a fair price for SCANA shareholders in the Proposed Merger, and that SCANA, Dominion and Sedona aided and abetted the Individual Defendants breaches of fiduciary duties by knowingly participating in the underlying breaches.

Plaintiff attempts to assert two claims for relief: (1) Breach of fiduciary duties against the Individual Defendants; and (2) Aiding and abetting breaches of fiduciary duties against SCANA, Dominion and Sedona. Plaintiff seeks to enjoin the Proposed Merger and/or rescind the merger agreement, or in the alternative, monetary damages, as well as costs, attorneys' fees and other relief, and demands a trial by jury.

# Certificate of Electronic Notification

| Recipients |
|---|
| **James Griffin**  - Notification transmitted on 02-07-2018 01:36:45 PM. |

ELECTRONICALLY FILED - 2018 Feb 07 1:36 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2018CP3200268

**Official File Stamp:**          02-07-2018 01:36:34 PM

**Court:**          CIRCUIT COURT

Common Pleas

Lexington

**Case Caption:**          City Of Warren Police And Fire Retirement System Et Al VS Scana Corporation , defendant, et al

**Event(s):**

Notice/Notice of Appearance          **Filed by or on behalf of:**

Steven James Pugh

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

James Mixon Griffin for City Of Warren Police And Fire Retirement System Et Al

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Alfredo Trujillo

Sedona Corp.

Jimmy E Addison

Sharon A Decker

Gregory E Aliff

D Maybank Hagood

James A Bennett

Lynne M Miller

John F A V Cecil

ELECTRONICALLY FILED - 2018 Feb 07 1:36 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

James W Roquemore

Dominion Energy Inc

Scana Corporation

Maceo K Sloan

ELECTRONICALLY FILED - 2018 Feb 07 1:36 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268



**Roe Cassidy Coates & Price PA**

William A. Coates
Direct dial: 864•349•2603
E-mail: wac@roecassidy.com

**February 19, 2018**

ELECTRONICALLY FILED - 2018 Feb 19 2:01 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

**BY U.S. MAIL AND EMAIL**
James M. Griffin, Esquire
Griffin & Davis, LLC
Post Office Box 999
Columbia, South Carolina 29202

RE:    *City of Warren Police and Fire Retirement System, Individually and on*
       *Behalf of All Others Similarly Situated v. Jimmy E. Addison, et al.*
       *and SCANA Corp.*
       Case No. 2018-CP-32-00268
       RCCP File No. 2982.0001

Dear Jim:

This is to kindly confirm our email wherein you kindly granted this firm and Alston & Bird on behalf of Defendant Jimmy Addison an extension until March 26, 2018, in which to answer, move, or otherwise plead to your Complaint in the above captioned case. Pursuant to the rules, I am filing a copy of this letter with Lexington County.

Thank you for this courtesy, and I look forward to working with you in this matter.

Very truly yours,

ROE CASSIDY COATES & PRICE, P.A.

William A. Coates

WAC/cmp
CC via email only:
    William R. Mitchelson, Jr., Esquire
    John A. Jordak, Jr., Esquire
    Anne Magee Tompkins, Esquire
    Meredith Kingsley, Esquire
    Michael Smith, Esquire
    Alexandra S. Peurach, Esquire
    Steven J. Pugh, Esquire
    I.S. Leevy Johnson, Esquire

# Certificate of Electronic Notification

| Recipients |
| --- |
| **James Griffin**  - Notification transmitted on 02-19-2018 01:59:33 PM. |
| **Benjamin Carlton**  - Notification transmitted on 02-19-2018 01:59:33 PM. |
| **Steven Pugh**  - Notification transmitted on 02-19-2018 01:59:33 PM. |

ELECTRONICALLY FILED - 2018 Feb 19 1:59 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2018CP3200268

**Official File Stamp:**               02-19-2018 01:59:07 PM

**Court:**                             CIRCUIT COURT

                                       Common Pleas

                                       Lexington

**Case Caption:**                      City Of Warren Police And Fire Retirement System Et Al VS Scana Corporation , defendant, et al

**Event(s):**

Notice/Notice of Appearance            **Filed by or on behalf of:**

William A. Coates

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Benjamin Palmer Carlton for Maceo K Sloan, James W Roquemore, Lynne M Miller, D Maybank Hagood, Sharon A Decker, Scana Corporation, John F A V Cecil, James A Bennett, Gregory E Aliff, Alfredo Trujillo

Steven James Pugh for Maceo K Sloan, James W Roquemore, Lynne M Miller, D Maybank Hagood, Sharon A Decker, Scana Corporation, John F A V Cecil, James A Bennett, Gregory E Aliff, Alfredo Trujillo

James Mixon Griffin for City Of Warren Police And Fire Retirement System Et Al

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Dominion Energy Inc

ELECTRONICALLY FILED - 2018 Feb 19 1:59 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

Sedona Corp.

Jimmy E Addison

ELECTRONICALLY FILED - 2018 Feb 19 1:59 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

# Certificate of Electronic Notification

| Recipients |
| --- |
| **James Griffin** - Notification transmitted on 02-20-2018 11:23:07 AM. |
| **William Coates** - Notification transmitted on 02-20-2018 11:23:07 AM. |
| **Benjamin Carlton** - Notification transmitted on 02-20-2018 11:23:07 AM. |
| **Steven Pugh** - Notification transmitted on 02-20-2018 11:23:07 AM. |

ELECTRONICALLY FILED - 2018 Feb 20 11:23 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

ELECTRONICALLY FILED - 2018 Feb 20 11:23 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2018CP3200268

**Official File Stamp:**      02-20-2018 11:22:47 AM

**Court:**      CIRCUIT COURT

Common Pleas

Lexington

**Case Caption:**      City Of Warren Police And Fire Retirement System Et Al VS Scana Corporation , defendant, et al

**Event(s):**

Notice/Notice of Appearance      **Filed by or on behalf of:**

Margaret Nicole Fox

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

William A. Coates for Jimmy E Addison

Benjamin Palmer Carlton for Maceo K Sloan, James W Roquemore, Lynne M Miller, D Maybank Hagood, Sharon A Decker, Scana Corporation, John F A V Cecil, James A Bennett, Gregory E Aliff, Alfredo Trujillo

Steven James Pugh for Maceo K Sloan, James W Roquemore, Lynne M Miller, D Maybank Hagood, Sharon A Decker, Scana Corporation, John F A V Cecil, James A Bennett, Gregory E Aliff, Alfredo Trujillo

James Mixon Griffin for City Of Warren Police And Fire Retirement System Et Al

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Dominion Energy Inc

Sedona Corp.

ELECTRONICALLY FILED - 2018 Feb 20 11:23 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200268