IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| City of Warren Police and Fire Retirement System, individually and on behalf of all others similarly situated, | ) ) ) ) | C/A No. 3:18-509-MBS |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| SCANA Corporation; Dominion Energy, Inc.; Sedona Corp.; Jimmy E. Addision; Gregory E. Aliff; James A. Bennett; John F.A.V. Cecil; Sharon A. Decker; D. Maybank Hagood; Lynne M. Miller; James W. Roquemore; Macco K. Sloan; and Alfredo Trujillo, | ) ) ) ) ) ) ) ) ) | **ORDER AND OPINION** |
| Defendants. | ) ) | |

SCANA Corporation ("SCANA") and the South Carolina Public Service Authority ("Santee Cooper") entered into an agreement with Westinghouse Electric Company ("Westinghouse") in 2008 to construct two nuclear reactors at the V.C. Summer Nuclear Generating Station in Jenkinsville, South Carolina. The project was abandoned in July 2017. On January 3, 2018, Dominion Energy, Inc. ("Dominion") and SCANA entered into a merger agreement by which SCANA would become a wholly-owned subsidiary of Dominion through a merger with Sedona Corp. ("Sedona"), an existing wholly-owned subsidiary of Dominion. Under the agreement SCANA stockholders would receive 0.6690 shares of Dominion stock in exchange for each outstanding share of SCANA common stock.

On January 23, 2018, Plaintiff City of Warren Police and Fire Retirement System filed a stockholder class action complaint in the Court of Common Pleas for the County of Lexington,

South Carolina, against SCANA; members of the Board of Directors and the Chief Executive Officer (the "Individual Defendants"); and Dominion and Sedona. Plaintiff alleged causes of action against Individual Defendants for breach of fiduciary duties by executing a merger agreement with Dominion and Sedona without regard to the effect of the proposed acquisition on SCANA's stockholders, i.e., failing to take steps to maximize the value to be received by stockholders, failing to properly value SCANA, and ignoring or not protecting "against the numerous conflicts of interest of senior management and the Board." Plaintiff further alleged that SCANA, Dominion, and Sedona aided and abetted Individual Defendants in breaching their fiduciary duties of loyalty, due care, independence, good faith, fair dealing, and candor.

On February 21, 2018, Dominion and Sedona removed the action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453.[1] On March 14, 2018, Plaintiff filed a motion to remand. Plaintiff asserted that the complaint was not subject to removal under 28 U.S.C. § 1332(d)(9), which provides:

> (9) Paragraph (2) shall not apply to any class action that solely involves a claim--
>
> (A) concerning a covered security as defined under 16(f)(3)1 of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)(2) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));
>
> (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or
>
> (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued

---

[1] On February 21, 2018, Dominion and Sedona also removed Firemen's Retirement System of St. Louis v. Addison, C/A No. 3:18-401-MBS, and Metzler Asset Management GmbH v. Aliff, C/A No. 3:18-505-MBS. Those related cases were addressed in the same manner as City of Warren.

2

thereunder).

On June 27, 2018, the court granted Plaintiff's motion to remand, concluding that Plaintiff's causes of action "concern" or "relate to" the exception set forth in §§ 1332(d)(9)(C). On August 2, 2018, Dominion and Sedona informed the court that the Court of Appeals for the Fourth Circuit had granted permission to appeal the order remanding the case and had issued a briefing schedule. Dominion and Sedona moved the court to stay the remand order pending appeal. The court granted the motion on October 23, 2018. On February 6, 2019, Plaintiff filed a notice of voluntary dismissal without prejudice as to Dominion and Sedona. See Fed. R. Civ. P. 41(a)(1)(A)(i) (providing that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment). On June 28, 2019, the Fourth Circuit reversed the court's ruling remanding the within action. The Fourth Circuit issued its mandate on July 23, 2019.

This matter is now before the court on Dominion and Sedona's motion to vacate Plaintiff's notice of voluntary dismissal, which motion was filed on February 13, 2019. Plaintiff filed a response in opposition on February 27, 2019, to which Dominion and Sedona filed a reply on March 6, 2019.

## DISCUSSION

A.  <u>Dismissal Under Rule 41</u>

A voluntary dismissal under Rule 41(a)(1)(A)(i) "'is available as a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required.'" In re Matthews, 395 F.2d 477, 480, 481 (4th Cir. 2005) (quoting Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir.1993)). The

court is without authority to vacate Plaintiff's notice of voluntary dismissal. See, e.g., Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544 (4th Cir. 1993)(holding district court was without authority to vacate a notice of dismissal on the grounds that the plaintiff had been "dissembling, if not downright fraudulent," the trial court had conducted three days of hearings, and the trial court opined "it just hasn't gone well for you so now you want to dismiss the case").

B.   Ineffective Notice of Dismissal

Dominion and Sedona also contend that the notice of dismissal is not effective because it purports to dismiss only two Defendants, contrary to the plain language of Rule 41(a)(1)(A), which allows a plaintiff to dismiss "an action" without court approval. Some courts have embraced the view that the dismissal of all claims against less than all defendants should be made under Rule 21, which provides that "the court may, at any time, on just terms, add or drop a party." See, e.g., Harvey Aluminum, Inc. v. Am. Cyanamid Co., 203 F.2d 105 (2d Cir. 1953); Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782 (6th Cir. 1961). However, "the sounder view and the weight of judicial authority" allow a plaintiff to dismiss all claims against a defendant without dismissing the entire controversy. 9 Charles Alan Wright, et al., Federal Practice and Procedure, § 2362 (3d ed. 1998, Update 2019). See, e.g., State Treasurer v. Barry, 168 F.3d 8 (11th Cir. 1999); Missouri v. Coeur D'Alene Tribe, 164 F.3d 1102 (8th Cir. 1999); Wilson v. City of San Jose, 111 F.3d 688 (9th Cir. 1997); Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250 (5th Cir. 1973); Young v. Wilky Carrier Corp., 150 F.2d 764 (3d Cir. 1945). The court finds persuasive the observation that permitting a plaintiff to dismiss fewer than all of the named defendants is consistent with the purpose of Rule 41(a)(1)(A)(i), which is "'to permit a disengagement of the parties at the behest of the plaintiff . . . in the early stages of a suit, before the defendant has expended time and effort in the

4

preparation of his case.'" Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993) (quoting Armstrong v. Frostie Co., 453 F.3d 914, 916 (4th Cir. 1971)). The notice of voluntary dismissal is effective as to Dominion and Sedona.

## CONCLUSION

For the reasons stated, the court concludes that Plaintiff has the absolute right to file a notice of voluntary dismissal pursuant Rule 41(a)(1)(A)(i); and that the notice of voluntary dismissal is effective as to Dominion and Sedona. Accordingly, Dominion and Sedona's motion to vacate (ECF No. 80) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 9, 2019